IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-60398

BILLY EUGENE BRADLEY; MARY JANE BRADLEY

Plaintiffs - Appellants

v.

LOCKHEED MARTIN CORPORATION; LOCKHEED MARTIN
AERONAUTICAL SYSTEMS COMPANY

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:04-CV-00125-TSL-LRA

Before REAVLEY, JOLLY, and GARZA, Circuit Judges.

PER CURIAM:[*]

Billy Bradley sued Lockheed Martin Corporation, alleging various
Mississippi state and federal claims. The district court subsequently granted
Lockheed summary judgment. We affirm.

This case is one in a series that has arisen out of the workplace shooting
that took place at the Lockheed Martin plant in Meridian, Mississippi in July
2003. During that incident, a long-time Lockheed employee killed six of his co-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

workers before taking his own life.  Plaintiff Billy Bradley was then employed at the Meridian Lockheed plant.  He was at work that tragic day, although he escaped without physical injury.  In the aftermath of the shooting, Lockheed received reports that Bradley had threatened to kill his co-workers.  Obviously concerned about another workplace massacre, Lockheed terminated Bradley.  Bradley subsequently filed suit, alleging various causes of action.  The district court granted Lockheed summary judgment on each of Bradley's claims. Bradley now appeals various aspects of the district court's rulings.

Bradley argues the district court erred by dismissing his federal constitutional claims.  Bradley makes oblique references to Lockheed (a private corporation) violating his First and Fourteenth Amendment rights.  Bradley has never provided any explanation, to this court or the district court, for how Lockheed could be bound by the constitutional restrictions on the government.  Bradley's federal constitutional claims have no merit.

Bradley also contends that the district court erred by dismissing his personal injury claims.  Essentially, Bradley claims that he suffered emotionally because he was present the day of the shooting.  (His wife's claim for loss of consortium is derivative of that claim.)  The district court held that Bradley's personal injury claim failed as a matter of law under Mississippi's bystander-liability doctrine.  See Entex, Inc. v. McGuire, 414 So. 2d 437, 444 (Miss. 1982) (explaining the contours of the doctrine).  Bradley has failed to even brief this issue.  Accordingly, he has waived his personal injury claim.  Because Bradley's personal injury claim is precluded by the bystander liability doctrine, we need not decide whether it is independently barred by the exclusivity provision of Mississippi's Workers Compensation Act.

Finally, Bradley argues that Lockheed violated his rights under Article 7, Section 191 of the Mississippi Constitution and under Section 79-1-9 of the Mississippi Code when it terminated him.  He argues relatedly that we should

certify this issue to the Mississippi Supreme Court so that it may decide whether those provisions have been violated. The relevant provision in the Mississippi Constitution states that "[t]he legislature shall provide for the protection of the employees of all corporations doing business in this state from interference with their social, civil, or political rights by said corporations, their agents or employees." MISS. CONST. Art. 7, § 191 (emphasis added). To the extent that Bradley claims a violation of this constitutional provision, it is entirely without merit, as this provision on its face is a directive to the legislature. The legislature responded to this directive by adding a provision in the Mississippi Code stating that "[a]ny corporation doing business in this state shall be liable to a penalty of two hundred fifty dollars . . . for every unlawful interference with the social, civil, or political rights of any of its . . . employees . . . ." MISS. CODE § 79-1-9. We have stated that "[o]bviously, this statute . . . does not help us in determining in the first instance whether the interference [with the employee's rights] has been unlawful." McLellan v. Miss. Power & Light Co., 545 F.2d 919, 930 n.58 (5th Cir. 1977). In other words, the section itself does not create new substantive rights, but is instead an enforcement mechanism for situations in which an individual can make out a claim under another state law. Bradley contends that this section should be construed as a general wrongful discharge statute, essentially supplanting Mississippi's employment at will doctrine. We see no reason to depart from our precedent and see no reason why the Mississippi Supreme Court would disagree with our interpretation. Thus, because Bradley has not identified how his "social, civil, or political rights" were violated when Lockheed terminated him for threatening to kill his co-workers, the district court did not err in dismissing this claim.

AFFIRMED.